ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
KERI CURTIS AXEL (Cal. Bar No. 186847)
JEAN-CLAUDE ANDRÉ (Cal. Bar No. 213538)
Assistant United States Attorneys
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5421/0705
    Telephone: (213) 894-0141
    E-mail: keri.axel@usdoj.gov
           jean-claude.andre@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) NO. CR 10-0015-RGK |
|---|---|
| Plaintiff, | ) |
| v. | ) GOVERNMENT'S OPPOSITION TO |
| | ) DEFENDANT SAMUEL KLEIN'S EX PARTE |
| SAMUEL KLEIN and | ) APPLICATION TO CONTINUE SENTENCING |
| ZIPORA KLEIN, | ) HEARING; DECLARATION OF KERI |
| | ) CURTIS AXEL |
| Defendants. | ) |
| | ) Sentencing Date: August 31, 2011 |

    The government submits this opposition to defendant SAMUEL KLEIN's _ex_ _parte_ application to continue the August 31, 2011 sentencing hearing.

    The government does not believe that a continuance of the sentencing date is required or necessary. All issues have been thoroughly briefed. The government submitted a limited 15-page surreply on August 24. The government believed the surreply was necessary and appropriate to address new factual contentions raised in defendant Samuel Klein's reply, but submits that the

surreply did not raise any new issues that require further response. Moreover, the limited issues addressed in the surreply can adequately be argued orally at the sentencing hearing.

The length of the Declaration of Kelly Lower supporting the surreply does not establish reason for a continuance. The last exhibit, Exhibit 89, only concerns defendant Zipora Klein, who has not requested a continuance. Two of the more lengthy exhibits, Exhibits 85 and 86, are excerpts of deposition transcripts; shorter excerpts were attached to the previous Lower Declaration but defendant Samuel Klein accused the government of selectively leaving out excerpts so the government attached the full range of pages for the Court's review. Exhibit 82 is a government schedule that was attached to the PSR for Zipora Klein; the government attached it only to authenticate it properly. Exhibit 81 was referred to in the Declaration of Jerome Jenkins but not attached.

Accordingly, there is not much new in the second declaration. The only documents of any length that are new are the foreign bank records attached as Exhibit 83. The government was not initially inclined to attach all such bank records, but it gave notice of its intention to file a surreply a week before the filing, and the government understood that defendant Samuel Klein believed the records were relevant and therefore submitted the complete records in the interest of a full record at the sentencing hearing. (See Declaration of Keri Curtis Axel).

Thus, the government believes that the issues are joined and the Court has all the necessary materials and arguments before it

for a fair and thorough sentencing proceeding. The government is unaware of any new issue or fact that the defendant believes is necessary to address in writing.[1] To the extent that the request is to make further arguments, those can be made at the hearing.

Finally, the government opposes the continuance because it has been difficult each time to find a date that was available for the Court and for all counsel. That is likely to be true in the short term, and the government submits that a lengthy continuance would not be in the interest of justice. The government already has concurred in two stipulated continuances. On this occasion, the government believed that there was insufficient reason to move the hearing date balanced against the difficulty of finding a new date. Notably, the *ex parte* application does not even suggest that counsel for defendant Samuel Klein has conferred with counsel for defendant Zipora Klein, much less the government, on another mutually convenient date.

/ / /
/ / /
/ / /

---

[1] Indeed, government counsel spoke with defense counsel before the *ex parte* application was filed: the conversation was amicable and substantive in discussing the tax issues, but both parties concluded the discussion agreeing to continue to disagree as to the appropriate tax calculation for this criminal proceeding. In this conversation, counsel did not identify any new or unaddressed issue that the government understood required additional time to brief.

3

Under these circumstances, the government requests that the Court deny the continuance and proceed to sentencing.

Dated: August 30, 2011  Respectfully submitted,

*/s/ Keri Curtis Axel*

KERI CURTIS AXEL
JEAN-CLAUDE ANDRÉ
Assistant United States Attorneys

Attorneys for Plaintiff
United States of America

DECLARATION OF KERI CURTIS AXEL

I, Keri Curtis Axel, hereby declare as follows:

1.  I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California, and one of the government's attorneys of record in <u>United States v. Samuel and Zipora Klein</u>, CR 10-0015-RGK.  I submit this declaration in support of the government's opposition to defendant Samuel Klein's <u>ex parte</u> application to continue the sentencing hearing set for August 31, 2011.

2.  On August 15, 2011, I provided to counsel copies of bank account records for a Bank Leumi account that we had just received from Israel and had translated.  The government has been trying to get records concerning defendants' bank account(s) and real estate in Israel for at least a year; the records received represent just a portion of the requested records.  In response, counsel for defendant Zipora Klein asked by e-mail if we intended to use such records at sentencing.  I indicated that I did not think the limited records moved the ball forward much regarding the Israeli property and deposits, and therefore did not think I would submit them, but indicated that I would do so if counsel thought they would help complete the record.  In response, I received an e-mail from defense counsel Mark Hathaway on behalf of defendant Samuel Klein stating that he believed the records were helpful for his client.  Although I was not persuaded, in the interest of a complete record and putting all issues before the Court, I had Agent Lower attach the complete records to her Second Declaration.

3.  On August 29, 2011, I received a call from defense counsel, Mr. Hathaway.  Mr. Hathaway wanted to discuss the government's position regarding the tax loss computations for criminal and civil purposes, the differences in our various positions, the deduction issues, and the government's response to certain correspondence counsel had sent the civil and criminal agents concerning business expenses and deductions.  Although the conversation was amicable and professional, and went on at some length, I reiterated the government's position as expressed in our papers, and I believe, based on the discussion, that the parties' briefing appropriately describes the differences in our respective positions.

4.  Counsel asked if the government would oppose a further continuance and I indicated that we would.  I indicated that I did not believe any continuance was necessary.  I also pointed out that we initially requested a sentencing date during the first week of September and the Courtroom Deputy had indicated that the Court was not available.  Counsel did not describe to me any particular issue he believed required additional briefing or evidence.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED: August 30, 2011

                              */s/ Keri  Curtis Axel*

                              KERI CURTIS AXEL
                              ASSISTANT UNITED STATES ATTORNEY